**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

DARLENE MORMAN,        )
                              )
       Plaintiff,        )
                              )
v.                        )     Case No. 1:19-cv-02869
                              )
MEDICREDIT, INC.,        )     <u>Jury Demanded</u>
                              )
       Defendant.      )

## <u>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES</u>

Defendant Medicredit, Inc. ("Defendant"), by and through counsel, and for its Answer, Jury Demand, and Affirmative Defenses to Plaintiff's Complaint, states as follows:

## <u>INTRODUCTION</u>

1.    Plaintiff, Darlene Morman, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Medicredit, Inc. Plaintiff allege [sic] violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

**RESPONSE:** Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 1 of the Complaint.

2.    The FDCPA makes clear that within five days of any initial communication, a debt collector clearly state who the current creditor of the Debtor is. 15 U.S.C. Section 1692g.

**RESPONSE:** Paragraph 2 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Medicredit denies the allegations.

3.    The FDCPA also makes it illegal under 15 U.S.C. Section 1692e to mislead a consumer about the actual name of the creditor to whom the debt is owed.

**RESPONSE:** Paragraph 3 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Medicredit denies the allegations.

**APPLICABLE CASE LAW**

4.      In Janetos vs. Fulton Friedman & Gullace, LLP (No. 15-01859), (7th Cir., 2016), the Seventh Circuit Court of Appeals stated if a dunning letter fails to disclose the required language in 15 U.S.C. Section 1692g(a), it violates the FDCPA.

**RESPONSE:** Paragraph 4 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Medicredit denies the allegations.

5.      Said case stated "[T]o satisfy Section 1692g(a), the debt collector's notice must state the required information 'clearly enough that the receipient is likely to understand it.'" Id.

**RESPONSE:** Paragraph 5 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Medicredit denies the allegations.

6.      If an initial dunning letter fails to disclose the required information clearly, it violates the FDCPA, without further proof of confusion.  Id.

**RESPONSE:** Paragraph 6 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Medicredit denies the allegations.

**JURISDICTION AND VENUE**

7.      This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

**RESPONSE:** Paragraph 7 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Medicredit denies the allegations.

8.      Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

**RESPONSE:** Paragraph 8 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Medicredit denies the allegations.

## PARTIES

9.      Plaintiff, Darlene Morman (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

**RESPONSE:** Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 9 of the Complaint.

10.      Plaintiff is a resident of the State of Illinois.

**RESPONSE:** Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 10 of the Complaint.

11.      Defendant, Medicredit, Inc. ("Defendant"), is a Tennessee business entity with an address of One Park Plaza, Nashville, TN 37203 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

**RESPONSE:** Paragraph 11 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Medicredit admits that it is a "debt collector" as that term is used and defined in 15 U.S.C. § 1692a (6). However, Medicredit is without knowledge or information sufficient to form a belief as to the truth of whether it is a debt collector for the purposes of this action. Further, Medicredit denies that it is a Tennessee business entity.

12.      Unless otherwise stated herein, the term "Defendant" shall refer to Medicredit, Incorporated.

**RESPONSE:** Paragraph 12 of Plaintiff's Complaint states a legal conclusion to which no response is required.

13.      At some point, the original creditor, transferred this debt to Defendant for debt collection.

**RESPONSE:** Medicredit denies the allegations as set forth in Paragraph 13 of the Complaint.

## ALLEGATIONS

14. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $200 (the "Debt") to an original creditor (the "Creditor").

**RESPONSE:** Medicredit admits that the Plaintiff owes $200.00. Medicredit denies the remaining allegations as set forth in Paragraph 14 of the complaint.

15. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.

**RESPONSE:** Medicredit denies the allegations as set forth in Paragraph 15 of the Complaint.

16. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).

**RESPONSE:** Paragraph 16 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Medicredit denies the allegations therein.

17. On December 20, 2018, Defendant sent an initial communication to Plaintiff. See Exhibit A.

**RESPONSE:** Medicredit admits the allegations as set forth in Paragraph 17 of the Complaint.

18. The letter states in the opening "[T]his is to inform you that Northwest Community 2Nds has placed your account with this agency with the full intention of collection this account. Please give this past due account the attention it deserves." See Exhibit A.

**RESPONSE:** Medicredit admits the allegations as set forth in Paragraph 18 of the Complaint.

19. Plaintiff is unaware of who Northwest Community 2Nds is.

**RESPONSE:** Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 19 of the Complaint.

20. In fact, Plaintiff is confused as to what organization she actually owes the debt to.

**RESPONSE:** Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 20 of the Complaint.

21. In the state of Illinois, there are approximately thirty-eight (38) businesses in the healthcare industry that have the name "Northwest Community" in their name. See Exhibit B.

**RESPONSE:** Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 21 of the Complaint.

22. However, there are absolutely no businesses that go by "Northwest Community 2Nds." See Exhibit B.

**RESPONSE:** Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 22 of the Complaint.

23. There is a Northwest Community Hospital, a Northwest Community Credit Union, a Northwest Community Music Academy, a Northwest Community Pharmacy and many many more with "Northwest Community" in the title. See Exhibit B.

**RESPONSE:** Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 23 of the Complaint.

24. It is not clear in the least bit to the Plaintiff who Defendant claims she owes money to.

**RESPONSE:** Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 24 of the Complaint.

## STANDING AND INJURY

25.     Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

**RESPONSE:** Paragraph 25 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Medicredit denies the allegations.

26.     Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.

**RESPONSE:** Paragraph 26 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Medicredit denies the allegations.

27.     The rights and obligations established by section 1692g were considered by the Senate at the time of passage to be a "significant feature" of the Act.  "This provision [section 1692g] will eliminate the recurring problem of collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.

**RESPONSE:** Paragraph 27 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Medicredit denies the allegations.

28.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

**RESPONSE:** Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 28 of the Complaint.

29.     As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, and frustration.

**RESPONSE:** Medicredit is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 29 of the Complaint.

### **VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.**

30.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**RESPONSE:** In response to the allegations set forth in Paragraph 30 of the Complaint, Medicredit repeats and re-alleges its responses to Paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31.     The Defendant's conduct violated 15 U.S.C. Section 1692g(a) by not stating clearly who the creditor was on this matter.

**RESPONSE:** Medicredit denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     The Defendant's conduct violated 15 U.S.C. Section 1692e by misleading Plaintiff as to whom the debt was owed to.

**RESPONSE:** Medicredit denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

### **JURY DEMAND**

33.     Plaintiff demands a trial by jury.

**RESPONSE:** Medicredit hereby demands a trial by jury on all issues so triable.

### **PRAYER FOR RELIEF**

34.     Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages;

(2) Attorney fees, litigation expenses and costs of suit; and

(3) Such other and further relief as the Court deems proper.

**RESPONSE:** Medicredit respectfully request that this Court enter judgment in its favor, dismiss Plaintiff's complaint, award reasonable attorney's fees and costs, and for any and all such further relief this Court deems just and proper under the circumstances.

## **AFFIRMATIVE AND OTHER DEFENSES**

Having now answered the allegations of the Plaintiff's Complaint, Defendant states as follows for its Affirmative Defenses. Defendant incorporates its Answer by reference and denies the allegations of the Complaint except as specifically admitted in Defendant's Answer.

1.      All allegations of the Complaint not specifically admitted by Medicredit are denied.

2.      Plaintiff's Complaint fails to state a cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6) as it, in whole or in part, states mere legal conclusions without sufficient factual support necessary to allege a cause of action and fails to state a claim upon which relief can be granted.

3.      Plaintiff's Complaint is barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and unclean hands.

4.      Defendant states that any and all failures to comply with the requirements of the Fair Debt Collection Practices Act which may have occurred and about which Plaintiff complains, if they occurred, were not intentional but resulted from bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error; therefore, under the

provisions of 15 U.S.C. § 1692k(c), Defendant is not liable to Plaintiff. Defendant further asserts that such bona fide error similarly precludes imposition of liability here under any other provision of federal law.

5.      Medicredit asserts that Plaintiff has not incurred any actual damages as a result of the alleged violations by Medicredit of the FDCPA. Alternatively, Defendant asserts that any such damages incurred were not reasonably foreseeable and/or that Plaintiff has failed to mitigate his damages, if any.

6.      Medicredit states that Plaintiff has failed to plead allegations with required particularity, failed to plead damages with required specificity, and has sustained no actual damages.

7.      Medicredit presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, and as of yet unstated, affirmative defenses available. Medicredit hereby reserves the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Medicredit, Inc. prays that this Court dismiss Plaintiff's Complaint, with prejudice, for its costs incurred herein, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

SPENCER FANE LLP

/s/ Alissa B. Kelso
Alissa B. Kelso, #6322624
1 N. Brentwood Blvd., Suite 1000
St. Louis, MO 63105
(314) 863-7733 (telephone)
(314) 862-4656 (facsimile)
akelso@spencerfane.com

Eric Arthur Berg, #6209624
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
155 North Wacker Drive
Suite 4300
Chicago, IL 60606
(312) 558-1424
Eric.Berg@ogletree.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed via the Court's electronic filing system this 17th day of May, 2019, which will send notification to all counsel of record.

/s/ Alissa B. Kelso